IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|                              |   |                          |
|------------------------------|---|--------------------------|
|                              | * |                          |
| UNITED STATES OF AMERICA,    |   |                          |
|                              | * |                          |
|     Plaintiff,               |   |                          |
|                              | * |                          |
|     v.                       |   | CIVIL NO.: WDQ-07-1592   |
|                              | * |                          |
| $711,583.92 U.S. CURRENCY,   |   |                          |
|                              | * |                          |
|     Defendant.               |   |                          |
|                              | * |                          |

*   *   *   *   *   *   *   *   *   *   *   *   *

MEMORANDUM OPINION

The Government seeks forfeiture of $711,583.92 ("Property") as property involved in money laundering transactions and health care fraud.  Pending are John R. McLean's (the "Claimant") motion to quash or modify subpoenas and motion for more definite statements, and the Government's motion to stay the civil proceedings.  For the following reasons, Claimants motions will be denied, and the Government's motion will be granted.

I.   Background

On June 8, 2007, the property was seized from the Claimant's bank account at Mercantile Peninsula Bank.  Am. Verified Compl. for Forfeiture ¶ 3.  The Government sought forfeiture of the Property as proceeds from money laundering and health care fraud in violation of 18 U.S.C. §§ 1956 and 1957.  The Government claims that the property constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 1347, and therefore,

1

should be forfeited under 18 U.S.C. §§ 981(a)(1)(C) and 984.  On July 2, 2007, the Claimant filed a statement of interest in the property.  Paper No. 3.  On September 5, 2007, the Government amended its verified complaint and added allegations in support of its forfeiture action.  On October 9, 2007, the Claimant filed a Third Party Complaint against Peninsula Regional Medical Center ("PRMC") claiming it is liable for the forfeited property.[1] Paper No. 24.

The Government is also engaged in a criminal health care fraud investigation against the Claimant as a result of an investigation by PRMC that found that the Claimant performed several medically unnecessary procedures.  Between April and August 2007, the Government issued Health Insurance Portability and Accountability Act ("HIPAA") subpoenas to obtain medical records and other materials relevant to the investigation.[2]

II.  Analysis

    A.   Motion to Quash

    The HIPAA subpoenas issued by the Government relate to its

---

[1] The Claimant alleges that PRMC (1) breached its bylaws by failing to detect and cease the unnecessary procedures performed by the Claimant at PRMC and (2) breached its contract with the Claimant by failing to maintain the confidentiality of the medical peer review conducted by PRMC of the Claimant's coronary stent procedures.  *See* Paper No. 24.

[2] The first two subpoenas were issued on April 9, 2007, the third in June 2007 and the fourth on August 22, 2007.  *See* Claimant's Mot. to Quash at 3.

criminal health care investigation of Claimant and are permitted under 18 U.S.C. § 3486 (2000).  Section 3486 permits the Attorney General or his designee to issue a subpoena for the "production of any records or other things relevant to the investigation." *Id.* § 3486(a)(1)(B)(I).  The Government has established that the HIPAA subpoenas were issued in connection with the Government's criminal investigation--not the civil forfeiture proceeding.  *See* Gov't Resp. Mot. to Quash at 2-3.  Thus, the Claimant's motion to quash or modify will be denied.

    B.   Motion for More Definite Statement

A party may move for a more definite statement "if a pleading . . . is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading."  Fed. R. Civ. P. 12(e); Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims.  The Claimant argues that the factual allegations outlined in paragraphs 9 and 10 of the Affidavit of Special Agent Natalie Vowell and paragraphs 24-26 of the Supplemental Declaration of Vowell are too vague and ambiguous for him to frame a response.  The Claimant asserts that although the complaint alleges that he performed medically unnecessary procedures,[3] it fails to identify any patients who received such

---

[3] The Government alleges that the Claimant performed medically unnecessary electrocardiograms ("EKGs"), endocardiographs, and nuclear stress tests.  *See* Am. Verified Compl. ¶ 6 and Vowell's Supplemental Affidavit ¶ 5.

procedures, the procedures that were medically unnecessary, or money received from a federal health care program.

The Government's complaint sufficiently states the circumstances of the forfeiture action.  The factual allegations inform the Claimant of the relevant times, alleged medical procedures, and the amount of money received for these procedures.  Moreover, the Claimant filed a responsive pleading to the amended complaint, which demonstrates his ability to respond to the Government's allegations.  *See* Paper No. 20. Accordingly, the Claimant's motion will be denied.

C.   Motion to Stay

The Government requests that its civil forfeiture action against the Claimant be stayed pending resolution of its related criminal investigation.  The Court may stay a civil forfeiture proceeding "if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case."  18 U.S.C. § 981(g)(1) (2000).  The Government must make an actual showing that civil discovery will adversely affect the investigation or prosecution of a related criminal case.  *United States v. GAF Financial Servs., Inc.*, 335 F. Supp. 2d 1371, 1373 (S.D. Fla. 2004).  The Court must also determine if the civil forfeiture proceeding is related to the Government's criminal investigation.  18 U.S.C. § 981(g)(4).  In making this

4

determination, "the court shall consider the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, without requiring an identity with respect to any one or more factors." *Id.*

The Government contends that a stay is appropriate because its pending criminal investigation of the Claimant's activities directly relates to its civil forfeiture action and witnesses for both proceedings are essentially the same.  The Government also argues that civil discovery would impede the criminal investigation because the same attorney represents the Claimant in the civil case as in the criminal investigation.  If discovery is permitted, the Government asserts that the Claimant's counsel would be entitled to take depositions of witnesses common to both cases, which would subject the Government to early and broader discovery than would be possible in a criminal proceeding.

The Claimant counters that the Government merely speculates that civil discovery will adversely affect its criminal investigation because he has not filed any discovery requests and there is no proof that he will abuse the discovery process with overbroad requests.  In contrast, the Claimant asserts that he will suffer substantial prejudice if a stay is granted because his efforts to develop his claim against PRMC would be halted, and the Government will maintain possession of his property for an indefinite period of time in violation of his due process

rights.

It is clear that the criminal investigation involves the same set of facts and circumstances as the forfeiture proceeding. The Government has also demonstrated that proceeding with civil discovery would adversely affect its criminal investigation.  The Government has requested numerous documents from the Claimant relating to its criminal investigation.  If civil discovery occurred, existing information could be compromised, which could negatively affect the Government's criminal investigation.  The harm to the Government outweighs that which the Claimant would suffer if he was temporarily unable to pursue his claims against PRMC.

Although indefinite stays will not be upheld, *Landis v. North Am. Co.*, 299 U.S. 248, 257 (1936) (stating that "[t]he stay is immoderate and hence unlawful unless so framed in its inception that its force will be spent within reasonable limits, so far at least as they are susceptible of prevision and description."), the Government has issued several subpoenas in relation to its criminal investigation, which indicates that there has been no delay in the investigation.  Accordingly, the Government's motion will be granted.


December 13, 2007                    _____/s/_____
Date                                William D. Quarles, Jr.
                                    United States District Judge